## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MAURICE K. MATTHEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 04-1689 (RMC)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **JUSTICE EXECUTIVE OFFICE FOR** | ) | |
| **UNITED STATES ATTORNEYS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, Plaintiff Maurice K. Matthews challenges the response to his request for records from the

Executive Office for United States Attorneys ("EOUSA"), a component of the Department of Justice

("DOJ"). DOJ has moved to dismiss on the ground that Mr. Matthews failed to exhaust his

administrative remedies and, in the alternative, for summary judgment on the ground that it has

satisfied its obligations under the FOIA. Upon consideration of the parties' submissions and the

entire record, the Court will deny DOJ's motion to dismiss and will grant its motion for summary

judgment.

The complaint arises from Mr. Matthews' request to EOUSA dated July 9, 2004, for

transcripts of proceedings held on August 31–September 4, 1992, in the Superior Court of the

District of Columbia in "Maurice K. Matthews, Jr. v. United States . . . ." Complaint at 1. A search

yielded no responsive records.

1. <u>DOJ's Motion to Dismiss</u>

DOJ's basis for dismissal for failure to exhaust administrative remedies is inapposite because it relates to Mr. Matthews' request of December 12, 2002, which is not before the Court.[1] *Compare* Def.'s Statement of Material Facts Not in Genuine Dispute ¶ 6 (describing agency determination of August 20, 2003) *with* Complaint.  Mr. Matthews brought this lawsuit, claiming that "[o]ver ten working days have passed since [EOUSA's receipt of his July 9, 2004, request], and he has received no written response to his request."  Complaint ¶ 6.  The FOIA requires that an agency "determine within twenty [business] days after the receipt of any such request whether to comply with such request and . . . immediately notify the [requester] of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination."  5 U.S.C. § 552(a)(6)(A)(i).  A FOIA requester may "bring suit in federal district court only if he has not yet received a determination from the agency" within the time permitted by statute. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 71 (D.C. Cir. 1990).  "By virtue of a special provision virtually unique to FOIA, exhaustion is complete — for purposes of allowing recourse to the courts — on the expiration of specified deadlines." *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987).  A FOIA requester is "deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions of this

---

[1] EOUSA misconstrues the request that is before the Court, dated July 9, 2004, as either a supplement to or a modification of the earlier request. *See* Def.'s Statement of Material Facts Not in Genuine Dispute ¶ 7.  To the contrary, the later request, submitted nearly 11 months after the agency's response to the earlier request, has all of the qualities of a new request inasmuch as it is captioned "FREEDOM OF INFORMATION/PRIVACY ACT REQUEST," states that "[t]his is a non-commercial request pursuant to [the FOIA]," includes a certificate of identity, and makes no reference to the earlier request or the agency's response to that request.  Gov't Ex. H (attached to the Declaration of David Luczynski (Def.'s Ex 1)).

paragraph." 5 U.S.C. § 552(a)(6)(C)(i).  Exhaustion is required if the agency responds to a request belatedly but before the requester initiates a lawsuit.  *Oglesby*, 920 F.2d at 63-64.

EOUSA did not respond to Mr. Matthews' July 9 request before he initiated this lawsuit.  Mr. Matthews therefore is deemed to have exhausted his administrative remedies as to this request.  Accordingly, DOJ's motion to dismiss is denied.

2.  <u>DOJ's Motion for Summary Judgment</u>

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Wash. Post Co. v. U.S. Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other

3

documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of material fact. *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party.  *See id.*; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

Summary judgment is the frequent vehicle for resolution of a FOIA action because in those cases the pleadings and declarations often, as here, provide undisputed facts on which the moving parties are entitled to judgment as a matter of law.  *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Alyeska Pipeline v. EPA*, 856 F.2d 309, 313 (D.C. Cir. 1988); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).  Agencies may rely on affidavits or declarations of government officials, as long as they are sufficiently clear and detailed and submitted in good faith. *See Oglesby*, 920 F.2d at 68.  The Court may award summary judgment solely on the basis of information provided in such affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). When, as here, no responsive records are located, the Court must determine the adequacy of the agency's search, guided by principles of reasonableness. *See Campbell v. U.S. Dep't of Justice*, 164

4

F.3d 20, 28 (D.C. Cir. 1998).  The agency must "make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Oglesby*, 920 F.2d at 68.  Because the agency possesses the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Oglesby*, 920 F.2d at 68).  Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search.  *Id*.

Applying the foregoing standards, the Court is satisfied from DOJ's declaration that EOUSA, through the United States Attorney's Office for the District of Columbia ("USAO-DC"), conducted a search reasonably calculated to locate responsive records.[2]  USAO-DC staff searched the Legal Information Office Network System ("LIONS") using Mr. Matthews' name and case number.  Def.'s Ex. 3, Declaration of Michael Mayo ("Mayo Decl.") ¶¶ 1-2, 4, 9.  "The LIONS system tracks civil, criminal and appellate investigations and cases." *Id*. ¶ 9.  The search covered "The Closed File Information Tracking System," which stores data "to monitor the movement of caseloads in [USAO-DC]" and "the Checkout System which contains information on cases closed before the year 2000." *Id*. ¶ 4.  USAO-DC discovered that records pertaining to one of the case numbers Mr. Matthews had provided, F-11062-91, had been closed and sent to storage at the Federal Records Center ("FRC") in Suitland, Maryland.  It located no information about the other case number, F-4386-92. *Id*. ¶ 4.  Upon requesting the stored records, USAO-DC discovered that they

---

[2] EOUSA processes FOIA requests for all Offices of the United States Attorneys.  *See* Luczynski Decl. ¶ 1.

could not be located and that a former Assistant United States Attorney in the General Felonies Section, who had left the office before the search, had ordered the file. *Id*. ¶ 5. A manual search was conducted by "members of Closed Files staff, which included a physical search of the 'pick up' sections for each section in the Office." *Id*. ¶ 6. In addition, Mr. Mayo "verified that the file was not inadvertently misfiled in another location" at FRC by comparing the location number with the box number, and he sent a member of his staff to FRC "to attempt again to locate the files, even though the Suitland facility had already tried unsuccessfully to locate the file in both case numbers." *Id*. ¶ 7. Finally, "an e-mail message was sent to all employees of the Office of the United States Attorney for the District of Columbia" concerning the search and "asking that anyone with information regarding the location of the file respond to the e-mail." *Id*. ¶ 8. No responses were received. *Id*.

Mr. Mayo avers that "[t]here were no other places that can be identified for me to search for records relating to Mr. Matthews, rather all of the likely locations have been searched." *Id*. ¶ 9. He surmises that "the records that would have been responsive to Mr. Matthews' FOIA request were destroyed, pursuant to the Records Management and Case File Disposition Polices." *Id*. (citing United States Attorneys' Procedures 3-13.300.001(M)). This is a reasonable supposition inasmuch as the records sought were created twelve years earlier and nothing in the record suggests that the case was still active or open at the time of the request in 2004.

In the absence of any evidence of agency bad faith, and finding the search adequate, the Court concludes that DOJ is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

Date: May 4, 2006

                                                      /s/
                                      ROSEMARY M. COLLYER
                                      United States District Judge